IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cr-00039

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SANCHEZ HUDSON, a/k/a "Chez" ) | |
| ) | |

THIS MATTER is before the Court on Defendant's "Motion for Relief from Jugement [sic] or Order Pursuant to Rule 60(b)" (Doc. No. 192), which was filed by Defendant pro se, not by his counsel. This is Defendant's fourth attempt, at least, to have the Court dismiss this matter pursuant to the Speedy Trial Act. (See Docs. Nos. 180, 184, 190). All of the previous motions, with the exception of one filed by defense counsel at Defendant's insistence, were filed pro se. Additionally, each of the previous motions was denied because, as it was explained to Defendant at a hearing on July 15, 2009, the seventy-day speedy clock has been tolled by the filing of multiple motions made by Defendant or his co-defendants pursuant to 18 U.S.C. § 3161(h)(1)(F). Because there are numerous defects with Defendant's instant motion, including the fact that it is wholly without merit, as explained below, it is DENIED.

First, Defendant's motion does not comply with the local rules for this District. The "Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina," particularly LCrR-47.1(H), provide:

> **Pro Se Motions Filed By Criminal Defendants Who Have Not Waived Their Right to Counsel.** Except for challenges to the effective assistance of counsel, the Court will not ordinarily entertain a motion filed by a criminal defendant who is still represented by counsel and has not formally waived his or her right to counsel in the presence of a judicial officer after being fully advised of the consequences of waiver. Exceptions to this general rule may be made in the discretion of the judicial officer considering the pro se motion.

Accordingly, the Court hereby instructs Defendant to cease the filing of pro se motions. If Defendant wants certain motions to be filed by his counsel, he should discuss these matters with his attorney so his attorney can consider whether or not such requests have merit. If so, the attorney can then present them in the form of a motion or motions which are supported by a brief, as required by LCrR 47.1(C) and made in accordance with LCrR 47.1(A) and which contain a certificate of conference as required by LCrR 47.1(B). Because Defendant's motion does not comply with LCrR 47.1(H), the Court has the option to deny the motion summarily. See Unites States v. D'Amario, 2008 WL 624768 at *1, 2008 U.S.App. LEXIS 5079 at *4 (3d Cir. 2008) (holding that district courts are not obligated to consider pro se motions from a defendant who is represented by counsel because "[t]he Constitution does not confer a right to proceed simultaneously by counsel and pro se.").

Second, Defendant's pro se motion appears to be made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which does not provide relief to Defendant in this case. It is well-settled that a defendant may not attack a criminal conviction using the rules of *civil* procedure. United States v. Leake, 96 Fed. Appx. 873 (4th Cir. 2004) (citing United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) (holding that criminal defendant cannot challenge orders entered in his criminal case using Fed.R.Civ.P. 60(b)); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (holding that a defendant cannot challenge criminal forfeiture orders under the Federal Rules of Civil Procedure)); see also United States v. Breit, 754 F.2d 526, 530 (4th Cir. 1985) ("there is no provision similar to FRCP 60(b) for relief after final judgment or order in effect for federal criminal cases").

Third, and perhaps of most importance to Defendant, the Court finds Defendant's motion to be frivolous and wholly without merit. Defendant received full explanation during a lengthy hearing in open court on July 15, 2009, as to the numerous reasons why there is no violation of the Speedy

Trial Act in Defendant's case. The Court will not repeat these reasons. In short, the clock has been tolled under 18 U.S.C. § 3161(h)(1)(F), and the trial delays in this matter are excludable under 18 U.S.C. § 3161(h)(1)(J)(7). Thus, Defendant is not entitled to have the indictment against him dismissed for violation of the Speedy Trial Act, and Defendant is well aware of the reasons supporting this ruling.

IT IS THEREFORE ORDERED that Defendant's pro se Motion to Dismiss (Doc. No. 192) is DENIED. Defendant is instructed to communicate with the Court only through his attorney. Any further pro se filings by Defendant in this matter will be summarily denied.

IT IS SO ORDERED.

Signed: July 24, 2009

Frank D. Whitney
United States District Judge