UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cr-39-FDW-14

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
|  | ) ORDER |
| SANCHEZ HUDSON, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Defendant's *pro se* letter that has been docketed as a motion for default judgment, (Doc. No. 858), in which he seeks entry of default judgment on a motion for sentence reduction, (Doc. No. 835).

On September 2, 2010, Defendant was adjudicated guilty of conspiracy to distribute and possess with intent to distribute one or more controlled substances, and was sentenced to 384 months' imprisonment. (Doc. No. 460). The Fourth Circuit affirmed on January 23, 2012. United States v. Hudson, 462 Fed. Appx. 357 (4th Cir. 2012) (09-4667). The United States Supreme Court denied certiorari on May 29, 2012. Hudson v. United States, 566 U.S. 1028 (2012).

On July 16, 2012, the Court granted a motion pursuant to 18 U.S.C. § 3582 and reduced Defendant's sentence to 346 months. (Doc. No. 666). The Fourth Circuit affirmed on November 15, 2012. United States v. Hudson, 488 Fed. Appx. 733 (4th Cir. 2012) (12-7268).

Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on May 21, 2013, which was opened as a new civil case, number 3:13-cv-342. On October 15, 2014, the Court accepted the Government's out-of-time response and granted Defendant 21 days within which to

1

file a reply. (3:13-cv-342, Doc. No. 12). Instead, Defendant filed a notice of interlocutory appeal which he failed to prosecute and was dismissed. (3:13-cv-342, Doc. No. 16). In a paperless order on April 20, 2015, the Court dismissed and closed the 2255 case for failure to prosecute. (3:13-cv-342, Doc. No. 18). Defendant did not appeal.

On September 28, 2015, Defendant filed a second motion to reduce sentence through counsel, seeking relief pursuant to Amendment 782 to the U.S. Sentencing Guidlines. (Doc. No. 818). The Court granted the motion on February 1, 2016, and reduced Defendant's sentence to 280 months' imprisonment. (Doc. No. 828).

On August 15, 2016, Movant filed an unverified *pro se* document entitled "Motion for the Two, Three, or Four Level Reduction in Pursuant to the United States Sentencing Guideline Amendment 794 to U.S.S.G. § 3B1.2" (Crim. Doc. No. 835). In it, he asks the Court to apply a minor role reduction. On August 26, 2016, the Court terminated the pleading and noted "Defendant's section 2255 motion was denied on 4/20/16." The Court's electronic docket sheet indicates that Defendant was served by U.S. mail that same day, and on August 29, 2016, he was mailed a copy of the order denying § 2255 relief in his civil case.

Presently before the Court for consideration is Defendant's December 15, 2017, *pro se* letter, (Doc. No. 858), in which he claims that the Court ordered the Government to respond to the August 15 "Motion for the Two, Three, or Four Level Reduction…," that the Government failed to respond, and therefore asks the Court to enter default judgment on his request for a minor role reduction.

Defendant's motion for default judgment will be denied because is based on a faulty factual premise. The Court never asked the Government to respond to Defendant's August 15 "Motion for the Two, Three, or Four Level Reduction…," so no response was due and entry of default on

2

that basis is unwarranted. Moreover, the Court disposed of the August 15 pleading on August 26, 2016, and mailed a copy to Defendant. He did not appeal.

It would be unavailing to liberally construe the instant pleading as a Rule 60(b) motion for relief from an order or judgment because such a motion would be time-barred. A Rule 60(b) motion must be made within a "reasonable time," and if based on mistake, newly discovered evidence, or fraud, it must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. <u>Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC</u>, 859 F.3d 295 (4th Cir. 2017).

Petitioner filed the instant pleading well outside the one-year limit, and he fails to show that this pleading was filed within a "reasonable" time. Therefore, even if this pleading was liberally construed as a Rule 60(b) motion, it would be subject to dismissal as time-barred.

**IT IS, THEREFORE, ORDERED** that:

Petitioner's motion for default judgment, (Doc. No. 858), is **DENIED**.

Signed: January 5, 2018

Frank D. Whitney
Chief United States District Judge

3