UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09-cr-00039-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| SANCHEZ HUDSON | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's pro se Motion for a Reduced Sentence under the First Step Act of 2018, (Doc. No. 877), which he supplemented (Doc. No. 937). The Government filed a response to the motion. (Doc. No. 946). Defendant filed a reply to the Government's response (Doc. No. 947). In accordance with district practice, the United States Probation Office prepared a Supplemental Presentence Report pursuant to the First Step Act of 2018 (hereafter, "Supplemental First Step Act PSR"). (Doc. No. 941). For the reasons that follow, Defendant's Motion to Reduce is GRANTED.

## I. BACKGROUND

In 2009, a jury found Defendant guilty of conspiracy to possess with intent to distribute at least 50 grams of cocaine base in violation of 21 U.S.C. §§ 841, 846. (Doc. No. 234). The Court calculated Defendant's: 1) drug quantity to be more than 4.5 kilograms of cocaine; 2) total offense level to be 40; 3) criminal history category to be IV; and 4) advisory guideline range to be 360 months to life imprisonment. (Doc. No. 941, p. 1). On August 31, 2010, the Court sentenced

1

Defendant to 384 months imprisonment with 15 years of supervised release, which was 13% above the low-end of the original guideline range. Id.

In 2010, after the Sentencing Commission retroactively amended the drug-offense guideline in Amendment 706 to the Guidelines, this Court reduced Defendant's sentence to 346 months in prison, which was 27% above the low-end of the amended guideline range (Doc. No. 941, p. 1). In 2016, the Court further reduced Defendant's sentence to 280 months, which was 27% above the low-end of the revised guideline range. Id.

## II.   ANALYSIS

Defendant asks this Court to reduce his sentence to a term of time served or resentence Defendant to 210 months in prison with 4 years of supervised release. (Doc. No. 937, p. 3). Defendant seeks relief pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which made the Fair Sentencing Act of 2010, Pub. L. No. 111-220, retroactive. The Fair Sentencing Act described itself as intended "[t]o restore fairness to Federal cocaine sentencing." Id., 124 Stat. at 2372. In Section 2, labeled "Cocaine Sentencing Disparity Reduction," the Fair Sentencing Act increased the quantities applicable to cocaine base to 280 grams for the ten-year mandatory minimum and to 28 grams for the five-year mandatory minimum. Id. § 2, 124 Stat. at 2372 (codified at 21 U.S.C. § 841(b)(1)). In Section 3, the Fair Sentencing Act eliminated the mandatory minimum sentence for "simple possession" of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372 (codified at 21 U.S.C. § 844(a)).

With its enactment in 2018, Section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010 and allows the court that imposed a sentence for a covered offense to exercise its discretion to impose a reduced sentence

as if Section 2 or 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. Id. The Fourth Circuit has explained the impact:

> [B]efore the Fair Sentencing Act, crack cocaine trafficking offenses fell into three brackets: (1) offenses involving 50 or more grams, which were punished by 10 years to life in prison, see 21 U.S.C. § 841(b)(1)(A)(iii) (2006); (2) offenses involving between 5 and 50 grams, which were punished by 5 to 40 years in prison, see 21 U.S.C. § 841(b)(1)(B)(iii) (2006); and (3) offenses involving less than 5 grams (or an unspecified amount), which were punished by 0 to 20 years in prison, see 21 U.S.C. § 841(b)(1)(C) (2006). The Fair Sentencing Act's amendments to Subsections 841(b)(1)(A)(iii) and (B)(iii) shifted all three brackets upward, so that now (1) offenses involving 280 or more grams are punished by 10 years to life in prison, see 21 U.S.C. § 841(b)(1)(A)(iii) (2018); (2) offenses involving between 28 and 280 grams are punished by 5 to 40 years in prison, see 21 U.S.C. § 841(b)(1)(B)(iii) (2018); and (3) offenses involving less than 28 grams (or an unspecified amount) are punished by 0 to 20 years in prison, see 21 U.S.C. § 841(b)(1)(C) (2018).

United States v. Woodson, 962 F.3d 812, 815 (4th Cir. 2020)

**A.      Standard of Review**

As an initial matter, the Fourth Circuit has recognized a defendant need not be present when considering his motions for sentence reduction pursuant to the First Step Act. United States v. Collington, 995 F.3d 347, 360 (4th Cir. 2021) (noting "procedural reasonableness in this context [of a First Step Act motion under Section 404(b)] would not require the district court to hold a resentencing hearing") see also Fed. R. Crim. P. 43(b) ("A defendant need not be present under any of the following circumstances: . . . (4) Sentence Correction. The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)."); United States v. Barraza, No. 3:07-CR-00079-FDW, 2021 WL 4810338, at *1 (W.D.N.C. Oct. 14, 2021) ("Rule 43(b)'s reference to '18 U.S.C. § 3582(c)' in its entirety and without limitation to subsection necessarily means a defendant is not required to be present for sentence reduction proceedings

3

conducted pursuant to § 3582(c)(1)(A), § 3582(c)(1)(B), or § 3582(c)(2)."). Accordingly, no hearing is required.

This Court must first determine whether Defendant's sentence satisfies the explicit criteria to *qualify* for reduction under the First Step Act, and, if so, then the court is given discretion to *impose* a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. The Fourth Circuit has explained:

> [A] district court presented with a First Step Act motion to reduce a sentence must first determine whether the sentence qualifies for reduction — i.e., whether it is eligible for consideration on the merits. This eligibility determination is not a function of discretion but simply of applying the explicit criteria set forth in the First Step Act. *First*, the sentence sought to be reduced must be for a "covered offense" — that is, "a violation of a Federal criminal statute the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, and that was committed before August 3, 2010." First Step Act, § 404(a), 132 Stat. at 5222 (citation omitted). We have concluded that a "covered offense" includes violations under 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii), and (b)(1)(C). *Second*, the motion for a reduction must be addressed to the court that imposed the subject sentence. First Step Act, § 404(b), 132 Stat. at 5222; cf. 28 U.S.C. § 2255(a) (requiring that § 2255 motions challenging sentences be made to "the court which imposed the sentence"). And *third*, the sentence must not have been "previously imposed or previously reduced" under the Fair Sentencing Act and must not have been the subject of a motion made after enactment of the First Step Act that was denied "after a complete review of the motion on the merits." First Step Act, § 404(c), 132 Stat. at 5222.
>
> Upon determining that a sentence qualifies for review on the merits, the court is then given discretion to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. First Step Act, § 404(b), 132 Stat. at 5222. The stated policy governing the exercise of this discretion is to bring a sentence that is qualified for reduction in line with a sentence that the court would have imposed under the Fair Sentencing Act had it been in effect. [See Fact Sheet, Senate Comm. on the Judiciary, The First Step Act of 2018 (S. 3649) — as Introduced (Nov. 15, 2018)].
>
> To determine the sentence that the court would have imposed under the Fair Sentencing Act, the court must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of intervening case law and a brief reconsideration of the factors set forth in 18 U.S.C. § 3553(a). And in

4

considering the § 3553(a) factors, the court can take into account a defendant's conduct after his initial sentencing.

United States v. Lancaster, 997 F.3d 171, 174–75 (4th Cir. 2021) (internal case citations and quotations omitted; emphasis in original); see also United States v. Collington, 995 F.3d 347, 355 (4th Cir. 2021).

The Fourth Circuit requires that the imposition of a reduced sentence be procedurally and substantively reasonable, which means that in exercising its discretion, the district court must "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." Collington, 995 F.3d at 360 (citations omitted). Notwithstanding the procedural and substantive reasonableness requirements in this Circuit, the Court is not required to engage in a complete resentencing of Defendant:

> Engaging in this analysis nonetheless leaves the court with much discretion, and the analysis is not intended to constitute a plenary resentencing. Moreover, the analysis is not intended to be a complete or new relitigation of Guidelines issues or the § 3553(a) factors. Rather, the scope of the analysis is defined by the gaps left from the original sentencing to enable the court to determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstances. If, after conducting the analysis, the court determines that the sentence would not be reduced, then no relief under the First Step Act is indicated.

Lancaster, 997 F.3d at 175 (case citations omitted); see also Collington, 995 F.3d at 358 ("Ultimately, the First Step Act contemplates a robust resentencing analysis, albeit not a plenary resentencing hearing."); but see Lancaster, 997 F.3d at 178 (Wilkinson, J., concurring) ("[O]ur circuit, notwithstanding the protestations, has come very close to requiring a plenary resentencing

5

at a more than ten-year remove from the most relevant evidence."). Bearing these principles in mind, the Court turns to Defendant's arguments.

**B.      First Step Act**

Here, parties agree that Defendant's conviction for conspiracy to distribute and possess with intent to distribute one or more controlled substances is a "covered offense" making Defendant eligible for a sentence reduction under the First Step Act. See First Step Act § 404(a), 132 Stat. at 5222; see also United States v. Gravatt, 953 F.3d 258, 262 (4th Cir. 2020) (holding that a "covered offense" under Section 404(a) of the Act can include a conviction for "a multi-object conspiracy where the penalties of one object (possession of crack cocaine) were modified by the Fair Sentencing Act, while the penalties of the other (powder cocaine) were not reduced…"); Lancaster, 997 F.3d at 174 (4th Cir. 2021) ("We have concluded that a "covered offense" includes violations under 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii), and (b)(1)(C)." (Citations omitted)).

Having determined Defendant qualifies for a reduction, the Court turns to the merits of the arguments. In doing so, the Court has reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See, e.g., Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966-68 (2018); Lancaster, 997 F.3d at 176; Collington, 995 F.3d at 360; Chambers, 956 F.3d at 671-75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished).

Defendant argues that the Court should exercise its discretion to impose a reduced sentence of (1) time served or (2) 210 months, a downward variance, with 4 years of supervised release under the First Step Act. (Doc. No. 937, p. 3). The Government agrees that this Court should

6

exercise its discretion to reduce Defendant's sentence but argues that this Court limit its reduction to 262 months in prison, at the bottom of the range advised by the Sentencing Guidelines. (Doc. No. 946, p. 5). The Supplemental First Step Act PSR indicates that Defendant's revised guideline range for imprisonment is 262 months to 327 months. According to the PSR, "the First Step Act of 2018 provides no change in term of imprisonment [for Defendant] as it was already reduced based on Amendment 782 to 280 months, which was 27% above the low end of the guideline range. However, Defendant's term of supervised release is reduced to at least 8 years." (Doc. No. 941, p. 2).

Next, in determining the sentence that would have imposed had the Fair Sentencing Act been in effect, the Court must also consider the relevant 18 U.S.C. § 3553(a) factors,[1] including evidence of Defendant's post-sentencing conduct. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 201 L.Ed.2d 359 (2018) (explaining obligations of district judge in addressing sentence-modification motion under 18 U.S.C. § 3582(c)(2)); United States v. Martin, 916 F.3d 389 (4th Cir. 2019) (applying Chavez-Meza and explaining obligation of district judge to consider post-sentencing mitigation evidence and provide rationale in addressing § 3582(c)(2) sentence-modification motion).

Here, the parties offer little argument on these factors beyond what is already in the record, and the Court finds that its previous analysis at the original sentencing remains applicable here. See United States v. Robinson, No. 1:07-CR-00032-MR-4, 2021 WL 3726744, at *9 (W.D.N.C.

---

[1] In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the Court considers "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" "the need to avoid unwarranted sentence disparities;" and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

Aug. 23, 2021) ("The Defendant's offense conduct and criminal history have not changed, nor have the Defendant's other pre-offense history and characteristics or the circumstance surrounding his criminal activities. All that has changed is that the Defendant has exhibited some rehabilitation, the adoption of the Fair Sentencing Act has embraced a view that crack cocaine offenses should be treated with a little bit more leniency, and the First Step Act has allowed the Defendant a re-examination of his sentence. The legal landscape as it pertains to the Defendant has changed relatively little, as far as the § 3553(a) factors are concerned . . ..").

Defendant contends that the Section 3553(a) factors warrant a reduced sentence of 210 months because of (1) his post sentencing rehabilitation, (2) his youth at the time of his many criminal offenses, and (3) to guard against unwarranted sentencing disparities. The Court agrees that a reduced sentence is appropriate and concurs with the Government's recommendation of 262 months in prison, which is at the low-end of the Sentencing Guidelines.

Since being incarcerated beginning in 2010, Defendant has incurred only two infractions, neither of which were for violent conduct. (Doc. No. 937-3). Defendant has maintained employment while imprisoned, completed numerous training programs, and served as a Mental Health and Suicide Companion, all while receiving good evaluation during his period of incarceration. Id. However, Defendant was responsible for distributing large quantities of crack cocaine and was affiliated with a large and dangerous drug-trafficking conspiracy. While Defendant's rehabilitation efforts and demonstrated success while in the Bureau of Prisons counsels in favor of a reduced sentence, the Court finds that the nature and circumstances of his offense, history and characteristics, the need for deterrence, and the need to protect the public all weigh in favor of a reduced sentence within the revised range advised by the guidelines.

The Court rejects Defendant's argument for a downward variance in light of his youth at the time of many criminal offenses. He was 26 years old when he committed the drug offenses and had twice served time in prison. See United States v. Arellano, No. 3:09-CR-00060-MR-1, 2022 WL 325457, at *5 (W.D.N.C. Feb. 2, 2022) ("While [defendant] was young, he had been an adult for several years, and certainly was no longer a "teenager" as he claims"). The Court also rejects Defendant's argument that a downward variance is appropriate to remedy unwarranted sentencing disparities. The EQUAL ACT is currently pending before Congress, and if passed, will retroactively cure any remaining sentencing disparities between drug offenses involving crack cocaine and powder cocaine. See S.79 - 117th Congress (2021-2022): EQUAL Act, S.79, 117th Cong. (2021). Until and unless this law is enacted, it is not relevant to the Court's analysis here. This argument is therefore premature.

The Court finds that the balancing of the §3553(a) factors, when considered for this Defendant under this record and including his positive post-sentencing rehabilitation, counsel that a sentence reduction to a new imposed sentence of 262 months and a reduction of 4 years supervised release is appropriate.

### III. CONCLUSION

For the reasons stated above, the Court finds a sentence of 262 months in prison and 4 years of supervised release is sufficient, but not greater than necessary to meet the sentencing goals of punishment, deterrence, protection of the public, and rehabilitation undergirding 18 U.S.C. § 3553(a).

IT IS THEREFORE ORDERED that Defendant's Motion for Reduced Sentence under the First Step Act (Doc. No. 937) is GRANTED. Defendant's sentence is reduced to an aggregate term of 262 months and 4 years of supervised release.

The Clerk is respectfully directed to prepare an Amended Judgment in accordance with this order.

IT IS SO ORDERED.

Signed: April 26, 2022

Frank D. Whitney
United States District Judge